UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| DANIEL GREER-WELLS, | Case No. 2:20-cv-0872-GMN-NJK |
|---|---|
| Plaintiff, | **SCREENING ORDER** |
| v. | |
| T. MALONE, *et al.*, | |
| Defendants. | |

Plaintiff, who is incarcerated in the custody of the Nevada Department of Corrections (NDOC), has filed an application to proceed *in forma pauperis* (ECF No. 1) and has submitted a civil rights complaint pursuant to 42 U.S.C. § 1983 (ECF No. 1-1). Based on the information regarding Plaintiff's financial status, the Court will grant Plaintiff's application to proceed *in forma pauperis*. The Court further finds that Plaintiff is not able to pay an initial installment payment toward the full filing fee pursuant to 28 U.S.C. § 1915. Plaintiff will, however, be required to make monthly payments toward the full $350.00 filing fee when he has funds available.

The Court now screens Plaintiff's civil rights complaint under 28 U.S.C. § 1915A.

**I.   SCREENING STANDARD**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is

immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2).  *Pro se* pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act (PLRA), a federal court must dismiss a prisoner's claim, if "the allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).  Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under §1915 when reviewing the adequacy of a complaint or an amended complaint.  When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000).  Dismissal for failure to state a claim is proper only if the plaintiff clearly cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999).  In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the

1  light most favorable to the plaintiff.  *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th
2  Cir. 1996).  Allegations of a *pro se* complainant are held to less stringent standards than
3  formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980).  While
4  the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff
5  must provide more than mere labels and conclusions. *See Bell Atlantic Corp. v. Twombly,*
6  *550 U.S. 544, 555 (2007)*.  A formulaic recitation of the elements of a cause of action is
7  insufficient. *Id*.

8       Additionally, a reviewing court should "begin by identifying pleadings [allegations]
9  that, because they are no more than mere conclusions, are not entitled to the assumption
10 of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  "While legal conclusions can
11 provide the framework of a complaint, they must be supported with factual allegations."
12 *Id*.  "When there are well-pleaded factual allegations, a court should assume their veracity
13 and then determine whether they plausibly give rise to an entitlement to relief." *Id*.
14 "Determining whether a complaint states a plausible claim for relief . . . [is] a context-
15 specific task that requires the reviewing court to draw on its judicial experience and
16 common sense." *Id*.

17       Finally, all or part of a complaint filed by a prisoner may therefore be dismissed *sua*
18 *sponte* if the prisoner's claims lack an arguable basis either in law or in fact.  This
19 includes claims based on legal conclusions that are untenable (e.g., claims against
20 defendants who are immune from suit or claims of infringement of a legal interest which
21 clearly does not exist), as well as claims based on fanciful factual allegations (e.g.,
22 fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989);
23 *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

24

25                                    3

## II. SCREENING OF COMPLAINT

In his complaint, Plaintiff sues multiple defendants arising from an incident on December 12, 2019, in which Plaintiff alleges he was assaulted by correctional officers at Clark County Detention Center (CCDC).  ECF No. 1-1 at 1, 5-9.  Plaintiff sues Defendants T. Malone (a peace officer), S. Hooks (a peace officer), J. Imperial (a peace officer), M. Hilsabeck (a supervising peace officer), Joe Lombardo (sheriff of Clark County), and the CCDC.  Plaintiff asserts four counts and seeks monetary damages. *Id.* at 1, 12.

Plaintiff alleges the following.  On December 12, 2019, Malone entered Plaintiff's cell and threatened to physically assault him if he left his cell. *Id.* at 1, 5.  Malone struck Plaintiff in the head with a closed fist, almost knocking him unconscious. *Id.* at 5.  Malone continued the attack after Plaintiff fell to the ground. *Id.*  Hooks joined the assault, striking Plaintiff to the face and head with closed fists. *Id.*  Other officers joined the assault. *Id.*

After the incident, Plaintiff was placed in a restraint chair. *Id.*  The restraints were extremely tight, causing Plaintiff extreme pain. *Id.*  Plaintiff continues to suffer headaches and sensitivity to light. *Id.* at 6.

Following the incident, Malone falsely reported that Plaintiff struck Malone and Hooks multiple times. *Id.* at 8.  Because of Malone's report, Plaintiff was charged with a crime. *Id.*  The charges were dismissed. *Id.*  CCDC imposed sanctions on Plaintiff. *Id.*  Plaintiff continues to suffer sanctions in the custody of the NDOC, including placement in maximum custody, as he is considered to be a "threat." *Id.*

Imperial and Hilsabeck did not intervene in the assault. *Id.* at 9.  They failed to act after being notified that Malone and Hooks had previously assaulted Plaintiff.  Imperial stated he reviewed the camera footage of the incident. *Id.*

4

Based on these allegations, Plaintiff asserts that Defendants used excessive force, were deliberately indifferent to the use of excessive force, assaulted him under state law, and libeled him. *Id*. at 5-9. The Court liberally construes the complaint as bringing Fourteenth Amendment claims for using excessive force, failure to protect, and falsely reporting the incident, and state common law claims for assault and battery. The Court will address each of these issues in turn.

### A. Defendant CCDC

The Court must dismiss CCDC as a defendant. "The CCDC is an inanimate building, not a person or entity subject to liability. The law defines persons as including natural persons (*i.e*., human beings) as well as corporations and political subdivisions. However, objects such as buildings do not fit within this definition. Therefore CCDC, a building, is not subject to liability." *Allen v. Clark Cnty. Det. Ctr.*, 2:10-CV-00857-RLH, 2011 WL 197201, *4 (D. Nev. Jan. 20, 2011). Accordingly, the Court will dismiss CCDC with prejudice as amendment would be futile.

### B. Defendant Joe Lombardo

Although Plaintiff has named Joe Lombardo as a defendant, he fails to state any allegations in his complaint against him. Accordingly, the Court will dismiss Lombardo without prejudice.

### C. Excessive Force

The Fourteenth Amendment's Due Process Clause prohibits punishment of pretrial detainees. *Vazquez v. Cty. of Kern*, 949 F.3d 1153, 1163 (9th Cir. 2020). "[T]he Fourteenth Amendment is more protective than the Eighth Amendment 'because the Fourteenth Amendment prohibits *all* punishment of *pretrial detainees*, while the Eighth Amendment only prevents the imposition of *cruel and unusual* punishment of *convicted*

*prisoners.*'" *Id.* at 1163-64. A governmental action constitutes punishment if (1) the action causes the detainee to suffer "some harm or disability," and (2) the purpose of the governmental action is to punish the detainee. *Id.* (internal quotations and citations omitted). The harm or disability constitutes punishment if the government's action "either significantly exceed, or be independent of, the inherent discomforts of confinement." *Id.* After harm is established, the court considers whether the harm imposed is "for the purpose of punishment or whether it is but an incident of some other legitimate governmental purpose." *Id.*

In *Kingsley v. Hendrickson*, 135 S.Ct. 2466 (2015), the Supreme Court held that a pretrial detainee states a claim for excessive force under the Fourteenth Amendment if: (1) the defendant's use of force was used purposely or knowingly, and (2) the force purposely or knowingly used against the pretrial detainee was objectively unreasonable. *Id.* at 2472-73.

Plaintiff has stated a cognizable claim that Malone and Hooks used excessive force against him in violation of the Fourteenth Amendment. Plaintiff has alleged facts permitting a plausible inference that Malone and Hooks purposely or knowingly used force against Plaintiff, striking him with closed fists. Plaintiff has alleged sufficient facts to permit a plausible inference that this use of force was objectively unreasonable. The Court will permit this claim to proceed.

**D. Excessive Force – Supervisory Defendants**

A defendant is liable under 42 U.S.C. § 1983 "only upon a showing of personal participation by the defendant." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). "A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent

them. There is no respondeat superior liability under [§]1983." *Id.*; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (holding that "[b]ecause vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution").

A pretrial detainee states a claim for failure-to-protect against an individual officer under the Fourteenth Amendment if: (1) the defendant made an intentional decision with respect to the conditions under which the pretrial detainee was confined; (2) those conditions put the pretrial detainee at substantial risk of suffering serious harm; (3) the defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (4) by not taking such measures, the defendant caused the pretrial detainee's injuries. *Castro v. Cty. of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016).

Plaintiff fails to state a cognizable claim against Defendants Imperial and Hilsabeck. Plaintiff fails to allege sufficient facts that these defendants, who are supervisors, participated in or directed the conduct of Malone and Hooks. Plaintiff's allegation that these Defendants did not intervene does not, standing alone, raise a plausible inference that these Defendants were aware the assault was occurring while it was occurring and thus could have acted to prevent the assault. Plaintiff has not alleged sufficient facts permitting a plausible inference that Imperial or Hilsabeck were aware of any facts suggesting either Malone or Hooks would engage in the conduct Plaintiff has alleged. The Court will dismiss this claim without prejudice with leave to amend.

### E. False Report of Incident

To state a cause of action for deprivation of procedural due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. *Sandin v. Conner*, 515 U.S. 472, 487 (1995). In *Sandin*, the Supreme Court held that a prisoner has a liberty interest when confinement "imposes [an] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id*. at 484. In *Sandin*, the Supreme Court focused on three factors in determining that the plaintiff possessed no liberty interest in avoiding disciplinary segregation: (1) disciplinary segregation was essentially the same as discretionary forms of segregation; (2) a comparison between the plaintiff's confinement and conditions in the general population showed that the plaintiff suffered no "major disruption in his environment;" and (3) the length of the plaintiff's sentence was not affected. *Id*. at 486-87.

When a protected liberty interest exists and a prisoner faces disciplinary charges, prison officials must provide the prisoner with (1) a written statement at least twenty-four hours before the disciplinary hearing that includes the charges, a description of the evidence against the prisoner, and an explanation for the disciplinary action taken; (2) an opportunity to present documentary evidence and call witnesses, unless calling witnesses would interfere with institutional security; and (3) legal assistance where the charges are complex or the inmate is illiterate. *See Wolff v. McDonnell*, 418 U.S. 539, 563-70 (1974).

"When prison officials limit an inmate's efforts to defend himself, they must have a legitimate penological reason." *Koenig v. Vannelli*, 971 F.2d 422, 423 (9th Cir. 1992). An inmate's right to present witnesses may legitimately be limited by "the penological need to provide swift discipline in individual cases . . . [or] by the very real dangers in prison life which may result from violence or intimidation directed at either other inmates or staff."

*Ponte v. Real*, 471 U.S. 491, 495 (1985).  Jail officials "must make the decision whether to allow witnesses on a case-by-case basis, examining the potential hazards that may result from calling a particular person." *Serrano v. Francis*, 345 F.3d 1071, 1079 (9th Cir. 2003).  Despite this, an inmate has no right to cross-examine or confront witnesses in prison disciplinary hearings. *See Wolff*, 418 U.S. at 567-68.

"[T]he requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board." *Superintendent, Massachusetts Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 455 (1985).  However, this standard does not apply when a prisoner alleges that a prison guard's report is false. *Hines v. Gomez*, 108 F.3d 265, 268 (9th Cir. 1997).

The Fourteenth Amendment's Due Process Clause prohibits jail and prison officials from "punishing" a pretrial detainee without a due process hearing. *Mitchell v. Dupnik*, 75 F.3d 517, 524 (9th Cir. 1996).  "[P]retrial detainees may be subjected to disciplinary segregation only with a due process hearing to determine whether they have in fact violated any rule." *Id.*

Plaintiff has stated a cognizable claim that Defendant Malone violated his procedural due process rights by falsely reporting that Plaintiff violently initiated the incident, resulting in Plaintiff being subjected to disciplinary charges and sanctions.  The Court will allow this claim to proceed.

**F.  State Common Law Assault and Battery**

"To establish an assault claim, a plaintiff must show that the actor (1) intended to cause harmful or offensive physical contact, and (2) the victim was put in apprehension of such contact.  To establish a battery claim, a plaintiff must show that the actor (1)

intended to cause harmful or offensive contact, and (2) such contact did occur." *Burns v. Mayer,* 175 F. Supp. 2d 1259, 1269 (D. Nev. 2001) (internal citations omitted).

Plaintiff has stated cognizable state law claims for assault and battery against Malone and Hooks.  Plaintiff has alleged sufficient facts permitting a plausible inference that both Malone and Hooks intended harmful physical contact, that this placed Plaintiff in apprehension of such contact, and that the contact did occur.  The Court will permit these state law claims to proceed against Malone and Hooks.

**III. Leave to Amend**

Plaintiff is granted leave to file an amended complaint to cure the deficiencies of the complaint.  If Plaintiff chooses to file an amended complaint, he is advised that an amended complaint entirely replaces the original complaint and, thus, the amended complaint must be complete. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal).  To be complete, an amended complaint must contain all claims, defendants, and factual allegations that a plaintiff wishes to pursue in his lawsuit.  Moreover, an inmate should file the amended complaint on this Court's approved prisoner civil rights form, and it must be entitled "First Amended Complaint."

If Plaintiff chooses to file an amended complaint curing the deficiencies, as outlined in this order, Plaintiff must file the amended complaint within 30 days from the date of entry of this order.

If Plaintiff chooses to file an amended complaint, the Court will screen the amended complaint in a separate screening order. The screening process will take several months. If Plaintiff does not file an amended complaint curing the deficiencies outlined in this order, this action will immediately proceed on Plaintiff's Fourteenth Amendment due process claim against Malone and Hooks that they used excessive force against Plaintiff, on Plaintiff's Fourteenth Amendment procedural due process claim against Malone for falsely reporting the incident, subjecting Plaintiff to disciplinary charges and sanctions, and on Plaintiff's state common law claims against Malone and Hooks for assault and battery.

**IV. Motion for Appointment of Counsel**

Plaintiff has filed a motion for appointment of counsel. ECF No. 3. A litigant does not have a constitutional right to appointed counsel in 42 U.S.C. § 1983 civil rights claims. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." However, the court will appoint counsel for indigent civil litigants only in "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (§ 1983 action). "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id*. "Neither of these considerations is dispositive and instead must be viewed together." *Id*. In the instant case, the Court does not find exceptional circumstances that warrant the appointment of counsel. The Court denies the motion for appointment of counsel without prejudice.

## V.  CONCLUSION

Therefore,

THE COURT **ORDERS** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is **GRANTED.**  The Court has allowed Plaintiff to commence and maintain this action to conclusion without having to **prepay** fees or give security.

THE COURT FURTHER **ORDERS** that, as Plaintiff has commenced this civil rights action, he is obligated to pay the full filing fee pursuant to 28 U.S.C. § 1915, as amended by the Prisoner Litigation Reform Act.

THE COURT FURTHER **ORDERS** that, pursuant to 28 U.S.C. § 1915(b)(2), as amended by the Prison Litigation Reform Act, the Plaintiff is required to make monthly payments of 20% of the preceding month's income credited to his account (in months that the account exceeds $10.00).  The Nevada Department of Corrections shall determine and forward this monthly payment from the account of Plaintiff Daniel Greer-Wells, Inmate No. 1169533, to the Clerk of the United States District Court, District of Nevada, in each month that the account balance exceeds $10.00 until the full $350.00 filing fee has been paid for this action.  The Clerk of the Court will send a copy of this order to the Finance Division of the Clerk's Office. The Clerk will send a copy of this order to the attention of **Chief of Inmate Services for the Nevada Department of Corrections**, P.O. Box 7011, Carson City, NV 89702.

THE COURT FURTHER **ORDERS** that, even if this action is dismissed, or is otherwise unsuccessful, Plaintiff will remain obligated to pay the full $350 filing fee pursuant to 28 U.S.C. §1915, as amended by the Prisoner Litigation Reform Act, until it has been paid.  Further, this order granting *in forma pauperis* status to Plaintiff does not extend to the issuance or service of subpoenas at government expense.

THE COURT FURTHER **ORDERS** that the Clerk of the Court file the complaint (ECF No. 1-1).

THE COURT FURTHER **ORDERS** that Count 1, Fourteenth Amendment due process claim against Malone and Hooks for using excessive force against Plaintiff, may PROCEED.

THE COURT FURTHER **ORDERS** that Count 2, Assault and Battery against Malone and Hooks, may PROCEED.

THE COURT FURTHER **ORDERS** that Count 3, Fourteenth Amendment procedural due process claim against Malone for falsely reporting the incident may PROCEED.

THE COURT FURTHER **ORDERS** that Count 4, Fourteenth Amendment due process claim against Imperial and Hilsabeck is DISMISSED without prejudice with leave to amend.

THE COURT FURTHER **ORDERS** that Defendant Clark County Detention Center is DISMISSED with prejudice as amendment would be futile.

THE COURT FURTHER **ORDERS** that Defendant Joe Lombardo is DISMISSED without prejudice.

THE COURT FURTHER **ORDERS** that Plaintiff's Motion for Appointment of Counsel (ECF No. 3) is DENIED without prejudice.

THE COURT FURTHER **ORDERS** that the Clerk of the Court send Plaintiff the approved form for filing a § 1983 complaint, instructions for the same, and a copy of his original complaint (ECF No. 1-1). If Plaintiff chooses to file an amended complaint, he should use the approved form and he will write the words "First Amended" above the words "Civil Rights Complaint" in the caption.

THE COURT FURTHER **ORDERS** that, if Plaintiff chooses to file an amended complaint curing the deficiencies of his complaint, as outlined in this order, Plaintiff must file the amended complaint within 30 days from the date of entry of this order.

THE COURT FURTHER **ORDERS** that, if Plaintiff chooses to file an amended complaint, the Court will screen the amended complaint in a separate screening order. The screening process will take several months.

THE COURT FURTHER **ORDERS** that, if Plaintiff does not file an amended complaint curing the deficiencies outlined in this order, this action will immediately proceed on Plaintiff's Fourteenth Amendment due process claim against Malone and Hooks that they used excessive force against Plaintiff, on Plaintiff's Fourteenth Amendment procedural due process claim against Malone for falsely reporting the incident, subjecting Plaintiff to disciplinary charges and sanctions, and on Plaintiff's state common law claims against Malone and Hooks for assault and battery.

DATED THIS __21__ of April 2021

_____
Gloria M. Navarro
United States District Judge