UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DANIEL GREER-WELLS, | Case No. 2:20-cv-0872-GMN-NJK |
| Plaintiff, | **ORDER** |
| v. | |
| T. MALONE, *et al.*, | |
| Defendants. | |

By Order entered June 30, 2021, (ECF No. 10) the Court denied Plaintiff's application to proceed *in forma pauperis* without prejudice and ordered that, not later than July 30, 2021, he either file a fully complete application to proceed in forma pauperis for non-prisoners on the correct form with complete financial attachments in compliance with 28 U.S.C. § 1915(a); or (2) pay the full filing fee of $400 for filing a civil action. The Court notified Plaintiff that the Court would not screen Plaintiff's First Amended Complaint until the matter of the payment of the filing fee was resolved. The Court further notified Plaintiff that this matter would be closed if Plaintiff failed to timely comply with the Court's order.

Plaintiff has failed to timely comply with the Court's order.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.

*See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (affirming dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (affirming dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (affirming dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (affirming dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

Here, the Court finds that the first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal. The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—public policy favoring disposition of cases on their merits—is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey

the court's order will result in dismissal satisfies the "consideration of alternatives" requirement.  *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424.  The Court's order requiring Plaintiff to file an application to proceed *in forma pauperis* by a non-prisoner or pay the full filing fee within 30 days expressly stated that this matter would be closed if Plaintiff did not timely comply with the Court's order.  Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's order to file an application to proceed *in forma pauperis* or pay the full filing fee within 30 days.

Accordingly,

THE COURT **ORDERS** that this action is dismissed without prejudice based on Plaintiff's failure to file an application to proceed *in forma pauperis* by a non-prisoner or pay the full filing fee in compliance with this Court's June 30, 2021, order.

It is further ordered that the Clerk of Court shall enter judgment accordingly.

DATED THIS 12 of August 2021.

_____
Gloria M. Navarro
United States Magistrate Judge

3